UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| LINDA S. LANE, | } |
| | } |
| Plaintiff, | } |
| | } |
| v. | } Case No.: 5:14-cv-02304-MHH |
| | } |
| DEPARTMENT OF DEFENSE | } |
| MISSILE DEFENSE AGENCY, | } |
| Ashton Carter, Secretary of | } |
| Defense, | } |
| | } |
| Defendant. | |

## SUPPLEMENTAL MEMORANDUM OPINION

In this employment action against the Department of Defense Missile Defense Agency, plaintiff Linda Pedersen (formerly Linda Lane) alleges that the agency discriminated against her on the basis of a disability and retaliated against her for reporting acts of discrimination. The Court previously entered judgment for the Secretary of Defense with respect to Ms. Pedersen's Title VII retaliation claim because Ms. Pedersen's evidence does not indicate a causal relation between her protected activity and the adverse employment action she experienced. (Doc. 84). The Court also entered judgment for the Secretary with respect to Ms. Pedersen's claim for compensatory and punitive damages under § 504 of the Rehabilitation Act because under the United States Supreme Court's decision in *Lane v. Pena*, money

1

damages are not available in a suit against a federal executive agency. 518 U.S. 187 (1996). (Doc. 84). That left Ms. Pedersen with a claim for declaratory or injunctive relief under the Rehabilitation Act. 29 U.S.C. § 794a.

The Court reserved ruling on the Secretary's motion for summary judgment on Ms. Pedersen's request for declaratory and injunctive relief and, by separate order, asked the parties to brief the following issues:

> Whether discriminatory intent is an element of the Rehabilitation Act claim that Ms. Lane must prove, given that she cannot recover compensatory damages, and whether Ms. Lane, if she does not wish to be reinstated, has standing to request declaratory or injunctive relief, and if not, whether this case may proceed on any other grounds.

(Doc. 86). The question regarding standing concerns this Court's subject matter jurisdiction. Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). When a plaintiff lacks standing to pursue her claim, a district court may not exercise jurisdiction over the claim. *A&M Gerber Chiropractic LLC v. Geico General Ins. Co.*, 925 F.3d 1205, 1210 (11th Cir. 2019).

"The fundamental prerequisite for standing is that the claimant have 'a personal stake in the outcome of the controversy [such] as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf.'" *In re Checking Account Overdraft Litigation*, 780 F.3d 1031, 1038

(11th Cir. 2015) (quoting *Warth v. Seldin*, 422 U.S. 490, 498–99 (1975)). To have standing, a plaintiff must have suffered an "injury in fact," that injury must be "fairly traceable to the challenged action of the defendant," and it must be likely that "a favorable decision" will redress the plaintiff's injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal citations omitted).

A prospective remedy like an injunction "will provide no relief for an injury that is, and likely will remain, entirely in the past." *Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994). "[W]hen a plaintiff cannot show that an injury is likely to occur immediately, the plaintiff does not have standing to seek prospective relief even if he has suffered a past injury." *31 Foster Children v. Bush*, 329 F.3d 1255, 1265 (11th Cir. 2003).

In her third amended complaint, Ms. Pedersen requested reinstatement to her former position, but Ms. Pedersen abandoned the request during discovery. In her deposition, Ms. Pedersen stated repeatedly that she is not seeking reinstatement with MDA:

> **Ms. Everitt:** And if you turn to page 14 [of the complaint], the next page, one of your requests for relief is to be reinstated. Are you seeking reinstatement still?
>
> **Ms. Pedersen: Not with MDA.**
>
> **Ms. Everitt:** You do not wish to be reinstated with MDA; correct?

3

> **Ms. Pedersen: No way.**
>
> **Ms. Everitt:** But are you seeking some form of federal employment or just no reinstatement?
>
> **Ms. Pedersen: I think that would be open for negotiation.**
>
> **Ms. Everitt:** But you do not seek reinstatement with MDA?
>
> **Ms. Pedersen: Correct.**

(Doc. 68-1, p. 15, tp. 55) (emphasis added). Ms. Pedersen reiterated this position in her briefs. She stated: "I do not wish to be reinstated for employment at the Missile Defense Agency. I have felt their condemnation of me while protecting MDA upper management. My mental health and physical safety are more important to me." (Doc. 97, p. 9).

Absent reinstatement, the Secretary will not be in a position to violate Ms. Pedersen's rights under the Rehabilitation Act in the future. As a result, Ms. Pedersen lacks standing to pursue injunctive or declaratory relief under the Rehabilitation Act. Ms. Pedersen argues that she has standing because of the harm she endured as an MDA employee. She states she has "suffered past, present and future earnings [sic] due to their termination of my employment due [sic] and the loss of my ability to successfully pass a background and clearance check." (Doc. 97, p. 9). But these are the lingering effects of a past injury—Ms. Pedersen's termination—not a concrete future injury. "To pursue an injunction or a declaratory judgment, [a plaintiff] must allege a likelihood of future violations of [her] rights by

[the defendant], not simply future effects from past violations." *Wood v. Dixon*, No. 13-0278-KD-N, 2013 WL 6183143, at *4 n.6 (S.D. Ala. November 26, 2013) (quoting *Armstrong v. Turner Indus., Inc.*, 141 F.3d 554, 563 (5th Cir. 1998)).

Even if Ms. Pedersen's alleged "loss of her ability to successfully pass a background and clearance check" were to constitute an injury that is not entirely in the past, the record contradicts Ms. Pedersen's allegation. Ms. Pedersen acknowledges that Integrated Federal Solutions, a government contractor, hired her to work at the IRS. (Doc. 98, p. 1). That admission demonstrates that MDA has not, and is not likely in the future to have, the ability to hamper Ms. Pedersen's ability to pass a background check. Because Ms. Pedersen has not asserted an injury that this Court's grant of declaratory or injunctive relief is likely to redress, Ms. Pedersen does not have standing to seek injunctive relief.

"[O]nce a federal court determines that [the plaintiff has no standing], the court is powerless to continue." *A&M Gerber Chiropractic LLC*, 925 F.3d at 1230 (quoting *Univ. of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999)). Ms. Pedersen has described troubling behavior at the Missile Defense Agency, but the Court has no means to address or correct that conduct, were Ms. Pedersen to prove it, because Ms. Pedersen no longer works at MDA, and she does not wish to return.

Accordingly, the Court will dismiss Ms. Pedersen's Rehabilitation Act claim for injunctive or declaratory relief for lack of subject matter jurisdiction. To the extent that Ms. Pedersen asks the Court to consider new claims against MDA (*see*, *e.g.*, Doc. 98), the Court will not entertain new claims asserted for the first time at the summary judgment stage. *See Manley v. Dekalb County*, 587 Fed. Appx. 507, 511 (11th Cir. 2014) ("[A] plaintiff may not add new claims to her complaint through an argument in a brief opposing a motion for summary judgment."). The Court asks the Clerk to please send a copy of this opinion to Ms. Pedersen at her address of record. Because the Court has resolved all of Ms. Pedersen's claims, by separate order, the Court will close the file.

**DONE** and **ORDERED** this February 28, 2020.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE